**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

FILED
U.S. DISTRICT COURT
INDIANAPOLIS DIVISION

10 MAR 16  PM 1: 22

SOUTHERN DISTRICT
OF INDIANA
LAURA A. BRIGGS
CLERK

| | | |
|---|---|---|
| ONE NUMBER CORPORATION | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Case No. _____ |
| | ) | |
| GOOGLE INC. | ) | JURY TRIAL DEMANDED |
| | ) | |
| | ) | |
| Defendant. | ) | |

1 : 1 0 -cv- 0 3 1 2 RLY-TAB

## COMPLAINT FOR PATENT INFRINGEMENT

One Number Corporation ("One Number"), by counsel, for its Complaint against Google

Inc. ("Google") alleges and states:

### Parties

1.     One Number is a corporation organized and existing under the laws of the State of

Indiana, with its principal place of business at 2701 Enterprise Drive, Suite 207, Anderson,

Indiana 46013.

2.     Upon information and belief, Google is a corporation organized and existing

under the laws of the State of California, and having a principal place of business at 1600

Amphitheatre Parkway, Mountain View, California 94043.

### Jurisdiction and Venue

3.     This is an action for patent infringement of U.S. Patent No. 7,440,565 ("the `565

Patent") and U.S. Patent No. 7,680,256 ("the `256 Patent"), arising under the Patent Laws of the

United States, 35 U.S.C. §§ 1 *et seq. True and complete copies of the `565 and `256 Patents are*

*attached hereto respectively as Exhibit 1 and Exhibit 2.*

4.      This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1338(a), and 1400(b).

5.      This Court has personal jurisdiction over the Defendant because, *inter alia*, the Defendant has committed, or aided, abetted, contributed to, or participated in the commission of, patent infringement that has led to foreseeable harm and injury to One Number in Anderson, Indiana.  Defendant offers infringing services throughout Indiana and elsewhere.

6.      This Court also has personal jurisdiction over the Defendant by virtue of, *inter alia*, the Defendant's systematic and continuous contacts with Indiana.  On information and belief, Defendant maintains twenty offices throughout the United States spanning from Mountain View, California to New York, New York.

7.      Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400(b).

### Background

8.      One Number owns by assignment all right, title, and interest in the `565 Patent and the `256 Patent, both of which are entitled "Contact Number Encapsulation System," which the United States Patent and Trademark Office duly and legally issued on October 21, 2008 and March 16, 2010, respectively.  The claims of the `565 Patent and `256 Patent are valid and enforceable.  One Number has the right to sue for and obtain equitable relief and damages for infringement of the patents.

9.      The `256 Patent was filed on August 15, 2005 and assigned U.S. Application No. 11/206,689 (the "`689 Application").

10.     The `565 Patent is a continuation application of the `689 Application and was filed on February 19, 2008.

- 2 -

11. The `565 Patent and the `256 Patent have the same priority date of August 15, 2005, but work on the technology covered by these patents began before that date.

12. The `565 Patent and the `256 Patent disclose and claim innovative telecommunications systems that allows users to obtain one phone number that is not tied to a specific location or phone, but rather is associated to the individual associated with the phone number. The system is capable of being configured, using a control panel, to allow the owner of the phone number to have multiple telecommunication devices (e.g. - home phone, work phone, cell phone, etc.) ring if the one phone number associated with the user is called. The control panel also allows the user to add, delete, or modify numbers that are contained in the calling list, allows users to temporarily deactivate numbers in the calling list, and provides various other patented features.

13. On information and belief, on or about July 3, 2007, Google acquired GrandCentral Communications ("GrandCentral"); Prior to Google's acquisition, GrandCentral provided services for managing individuals' voice communications (the "GrandCentral Service"); and the GrandCentral Service was designed and created by GrandCentral based on One Number's then patent pending technology.

14. Upon information and belief, GrandCentral was purportedly founded in late 2005 by Craig Walker and Vincent Paquet; GrandCentral stated that its services could give people "*One Number...for life*™"; and the GrandCentral Service, in essence, provided many, if not all, of the features of One Number's then patent pending technology.

15. On July 11, 2007, shortly after Google acquired GrandCentral, One Number contacted both GrandCentral and Google to inform them of One Number's pending patent application and provided both GrandCentral and Google with a copy of the published `689

Application (i.e. - U.S. Patent Publication No. 2007/0041550 A1), which has now issued as the `256 Patent. *See Exhibit 3 attached hereto*. Neither GrandCentral nor Google responded to OneNumber.

16.    On or about March 12, 2009, Defendant announced the release of Google Voice. The core underlying technology that drives Google Voice is almost entirely based on the infringing technology Google acquired from GrandCentral and continues to infringe the `565 Patent and `256 Patent.

## COUNT I

### Infringement of the '565 Patent by Google

17.    One Number realleges and incorporates by reference the allegations set forth in paragraphs 1-16 above.

18.    Pursuant to 35 U.S.C. § 282, the `565 Patent is presumed valid.

19.    Google has made, used, and offered services, and continues to make, use, and/or offer services within this Judicial District, including, the Google Voice services that infringe one or more valid claims of the `565 Patent. *See Exhibit 4 attached hereto*.

20.    Google continues its acts of patent infringement in violation of 35 U.S.C. § 271.

21.    As a direct and proximate consequence of Google's infringement of the `565 Patent, One Number has suffered and will continue to suffer substantial and irreparable injury and damages in an amount not yet determined for which One Number is entitled to relief.

## COUNT II

### Infringement of the '256 Patent by Google

22.    One Number realleges and incorporates by reference the allegations set forth in paragraphs 1-21 above.

23.     Pursuant to 35 U.S.C. § 282, the `256 Patent is presumed valid.

24.     Google has made, used, and offered services, and continues to make, use, and/or offer services within this Judicial District, including, the Google Voice services that infringe one or more valid claims of the `256 Patent. *See Exhibit 4 attached hereto.*

25.     Google continues its acts of patent infringement in violation of 35 U.S.C. § 271. As a direct and proximate consequence of Google's infringement of the `256 Patent, One Number has suffered and will continue to suffer substantial and irreparable injury and damages in an amount not yet determined for which One Number is entitled to relief.

### **Prayer for Relief**

WHEREFORE, One Number prays that this Court grant the following relief:

(a)     Enter judgment that one or more claims of the `565 Patent and/or the `256 Patent is infringed by Google Voice, and that Google's making, using, and offering the Google Voice service in the United States infringes the '565 Patent and/or the `256 Patent;

(b)     Enter an award of damages adequate to compensate One Number for Google's infringement of the `565 Patent and/or the `256 Patent pursuant to 35 U.S.C. § 284;

(c)     Enter an award increasing damages up to three times the amount found or assessed by the Court in One Number's favor and against Google for its willful infringement of the `565 Patent and/or the `256 Patent;

(d)     Permanently enjoin Google, and its affiliates and subsidiaries, and each of their officers, agents, servants and employees, from making, using, offering to sell, and/or selling in the United States, or importing into the United States any "virtual phone system" that infringes the `565 Patent and/or the `256 Patent until after the expiration date of the '565 Patent and/or the `256 Patent;

(e)     Award One Number its attorney fees', costs and expenses incurred in prosecuting this action; and

(f)     All other just and proper relief.

## JURY DEMAND

One Number demands a trial by jury on all issues in this case that may be properly submitted to a jury.

Respectfully submitted,

Alastair J. Warr  Attorney No. 15873-49
Dean E. McConnell   Attorney No. 20254-49
Scott S. Morrisson  Attorney No. 11633-49
Birk K. Billingsley  Attorney No. 28365-49

KRIEG DeVAULT LLP
One Indiana Square, Suite 2800
Indianapolis, IN  46204-2079
Phone:  (317) 636-4341
FAX:  (317) 636-1507

Attorneys for One Number Corporation

Dated:  March 16, 2010