UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ONE NUMBER CORP., )<br>    Plaintiff, )<br>)<br>vs. )<br>)<br>GOOGLE INC., )<br>    Defendant. ) | 1:10-cv-312-RLY-TAB |

**ORDER ON PLAINTIFF'S MOTIONS
TO VACATE THE STAY AND AMEND THE COMPLAINT**

**I.     Introduction**

This patent infringement case was stayed in February 2011 pending the Patent & Trademark Office's reexamination of patents '256 and '565. Plaintiff now seeks to lift the stay as a result of the PTO's reexamination. Plaintiff also seeks to amend the complaint to add an additional claim of patent infringement for patent '603. For the reasons below, Plaintiff's motions[1] [Docket No. 38] are granted.

**II.    Discussion**

    *A.     Motion to vacate the stay*

On February 15, 2011, Defendant moved to stay this case pending the PTO's reexamination of the patents-in-suit. [Docket No. 28.] The Court granted Defendant's motion for stay after addressing "(1) whether a stay will unduly prejudice or tactically disadvantage the non-moving party; (2) whether a stay will simplify the issues in question and streamline the trial;

---

[1]The Court construes Plaintiff's motion to vacate the stay and amend the complaint as two separate motions. Local Rule 7-1(a) requires that motions be filed separately.

1

and (3) whether a stay will reduce the burden of litigation on the parties and the Court." [Docket No. 37.] The Court reasoned:

> The pending PTO proceedings could . . . significantly narrow this case, which has not yet entered the case management stage. Though Plaintiff claims prejudice because it could not obtain a permanent injunction during a stay, Plaintiff has done nothing since filing its complaint last March to pursue injunctive relief. And Plaintiff's complaint that it needs discovery has presumably been resolved by agreement of the parties.

[Docket No. 37.]

Now, over a year later, Plaintiff seeks to vacate the stay. [Docket No. 38 at 2–3.] Plaintiff claims that the PTO's reexamination has narrowed the issues like the Court intended in its February order. [Docket Nos. 38, 41.] Specifically, a substantial portion of the reexamination has been completed for patent '256: "Original claims 1–4 and 13 have been amended and deemed patentable; [o]riginal claims 10 and 12 have been confirmed; and [n]ew claims 14–19 and 21–43 have been deemed patentable." [Docket No. 38 at 2.] Plaintiff also asserts that patent '565 stands rejected. [*Id.*]

Despite the reexamination of patents '265 and '565, Defendant asks the Court to continue to uphold the stay until all appeals are complete. [Docket No. 39 at 4.] Currently, both patents are before the Board of Patent Appeals and Interferences for review. [*Id.* at 1.] Defendant asserts that the BPAI has the power to reject the claims outright and the patents are subject to scrutiny by the Federal Circuit. [*Id.*] However, Defendant has not provided any indication that it is likely to be successful before the BPAI or the Federal Circuit. In fact, Defendant fails to point to any new evidence that is likely to result in the PTO changing its position. Thus, maintaining the stay to await the remote chance that the issues would be further simplified on appeal is insufficient to keep the stay in place, especially since Defendant has not proffered any

2

new evidence that is likely to produce a different result. *JAB Distributors, LLC v. London Luxury, LLC*, No. 09-C-5831, 2010 WL 3023163, at *1 (N.D. Ill. June 29, 2010) ("While maintaining the stay pending further action by the PTO may not unduly prejudice Plaintiff or provide Defendants with a tactical advantage, the PTO is unlikely to simplify the issues or reduce the overall burden of litigation. Accordingly, lifting the stay is appropriate.").

Defendant also argues that a stay should not be lifted until a reexamination certificate issues. [Docket No. 39 at 5.] There is no rule that requires the Court to maintain a stay until a reexamination certificate issues. To the contrary, several district courts in the Seventh Circuit have already rejected the argument that a certificate is necessary before lifting a stay. *See, e.g.*, *JAB Distributors*, 2010 WL 3023163, at *1 ("Simply because the PTO retains jurisdiction until it issues the reexamination certificate, however, does not mean that the PTO is likely to change course. Indeed, the NIRC provides that prosecution is 'closed' and that a certificate of reexamination 'will be issued.'"); *Cook Inc. v. Endologix, Inc.*, No. 1:09-CV-1248-WTL-TAB, 2010 WL 2265203, at *1 (S.D. Ind. June 2, 2010) ("As Bob Dylan sang in 'Subterranean Homesick Blues,' 'You don't need a weatherman to know which way the wind blows.' And you don't need a Reexamination Certificate to know that this case is now poised to move forward."); *see also Staples v. Johns Manville, Inc.*, No. 4:08CV306 JCH, 2009 WL 2337105, at *1 (E.D. Mo. July 29, 2009) (noting that the PTO "effectively terminated the first reexamination by issuing its Notice of Intent to Issue an Ex Parte Reexamination Certificate."). The Court recognizes that other district courts have held that a certificate is necessary in some cases. *See, e.g.*, *Panduit Corp. v. Hellermanntyton Corp.*, No. 03-C-8100, 2005 WL 327059, at *2 (N.D. Ill. Feb. 9, 2005); *TechSearch v. Internet Entm't Grp., Inc.*, No. 00-C-4623, 2002 WL 32882227, at

*1 (N.D. Ill. Mar. 28, 2002). But the Court declines to adopt such a rule in this case since the standard for lifting the stay centers around the likelihood that the issues would be further simplified. As noted, further simplification of the issues is unlikely.

With respect to newly issued patent '603, Defendant contends that the patent should be reexamined before lifting the stay. [Docket No. 39 at 7.] According to Defendant:

> The '603 patent issued on January 31, 2012 and is a continuation of the '256 patent, which means that it shares the written specifications as the '256 patent. Faced with the Patent Office's rejection in the reexaminations, One Number substantially narrowed the '603 patent's claims during prosecution by borrowing limitations from the amended and newly-added claim language of the '256 patent—the same claim language that is presently undergoing Patent Office review. Accordingly, if the '256 patent's remaining claims are revised or invalidated, it calls into question the scope and validity of the '603 patent. Furthermore, the interpretation of '603 patent's claim language will be impacted as the reexamination of the '256 patent proceeds.

[*Id.*] Defendant, however, fails to account for the fact that 36 of the claims for '256 have been affirmed on reexamination, some of which included amendments. If patent '603 is a continuation of '256, as Defendant contends, then it follows that patent '603 would likely be affirmed. Defendant speculates that if the few remaining '256 claims are invalidated, the language of patent '603 will be called into question. But the remote chance that the few remaining claims would be invalidated after 36 of the claims have been affirmed is too speculative, especially since Defendant offers no reason to believe that the remaining claims would be invalidated. Moreover, as Defendant sets forth, patent '603 has already been narrowed during its prosecution due to the reexamination of patent '256. Thus, there is no need to impose a stay so that '603 can be narrowed. Plaintiff's motion to vacate the stay [Docket No. 38] is therefore granted.

     B.     *Motion to amend*

In one sentence, Defendant argues that the motion to amend should be denied because the stay should remain in place. [Docket No. 39 at 9.] The Court has found that the stay should be vacated, and nothing before the Court suggests that Plaintiff has delayed in bringing the '603 claim or that the claim is futile. In fact, the patent was issued in January 31, 2012, and there is no Case Management Plan in place limiting the time for amending the complaint. Plaintiff's motion to amend [Docket No. 38] is granted.

### III.    Conclusion

For the reasons above, Plaintiff's motions to vacate the stay and amend the complaint [Docket No. 38] are granted. The parties shall file a proposed Case Management Plan within 14 days of this order. Plaintiff shall have 7 days to file a properly executed amended complaint in the form attached to Plaintiff's motion.

Dated: 04/26/2012

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Copies to:

Jeff M. Barron
BARNES & THORNBURG LLP
jeff.barron@btlaw.com

Birk K. Billingsley
KRIEG DEVAULT LLP
bbillingsley@kdlegal.com

Dean E. McConnell
KRIEG DEVAULT LLP
dmcconnell@kdlegal.com

Scott Stuart Morrisson
KRIEG DEVAULT LLP
smorrisson@kdlegal.com

Jennifer Lynn Schuster
BARNES & THORNBURG LLP
jschuster@btlaw.com

Todd G. Vare
BARNES & THORNBURG LLP
todd.vare@btlaw.com

Alastair J. Warr
KRIEG DEVAULT LLP
awarr@kdlegal.com